DELAWARE INS. CO. (CORT v.). See Case No. 3.257.

DELAWARE INS. CO. (DEDERER v.). See Case No. 3,733.

DELAWARE INS. CO. (HART v.). See Case No. 6,150.

# Case No. 3,765.

## DELAWARE INS. CO. v. HOGAN.

### [2 Wash. C. C. 4.] [1]

Circuit Court, D. Pennsylvania.    April Term, 1807.

MARINE INSURANCE —THE CONTRACT — VARIANCE BETWEEN POLICY AND ORDER THEREFOR.

If it appear that the terms of the order had been departed from in the policy of insurance, by fraud or mistake, the court would consider the order as containing the contract between the parties; as where it materially varied from the policy; as if the risk stated in the policy be "from" such a place, instead of "at and from;" or if it contain a warranty not authorized by the order. In such cases, the variance itself, unless contradicted by proof, would be evidence of mistake. But in such cases, the order could only be resorted to so far as it varied from the policy, and in all other respects the policy would govern.

[This was a bill to reform a policy of marine insurance. An action at law was previously brought upon the policy, and judgment given for plaintiff. See Hogan v. Delaware Ins. Co., Case No. 6,582.]

This bill states no new matter, except that the defendant intended to insure according to the order, and calls upon the defendant to declare, if this was not his intention; that is, that the policy effected here was to be void, if a policy were done in England after as well as before this. The defendant denies that this was his intention.

For the complainants it was contended, that the order was the only evidence of the contract, and that the court ought to consider the case as if the very words of the order had been inserted in the policy. 1 Atk. 545; 1 Ves. 318, 319. If so, the construction contended for as law, and which the court seemed inclined to favour, must prevail.

For the defendant. The case is stronger now for the defendant than it was at law; for the defendant swears, that the policy conforms to his intentions. To get at the intention of the parties, so as to discover whether a mistake was made, the order, instruction, and policy must be considered together. If so, there can be no doubt. The policy cannot be departed from, unless fraud or mistake is clearly made out. Marsh 245, 246; Park, 1.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

When this case was decided on the law

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

side of the court, the whole question was taken into consideration; every thing being viewed as done, which a court of equity could properly have directed to be done. The true question was then, and still is. what was the agreement between these parties? The argument urged upon the former occasion, and again repeated, was, that the order alone constituted the agreement. What then is the use of the policy? If it be not evidence of the contract finally concluded upon, it must be considered as a superfluous document, unnecessarily executed, and improperly introduced into a cause. The order contains the heads of the agreement for the information of the party, who is afterwards to give it its proper form. The form, which it finally assumes, is that of an instrument, denominated a "policy;" which is signed by the underwriter, and is the evidence of the contract of indemnity, as understood by him and the assured.

It may and certainly often does happen, that the terms of the order are departed from by consent, by fraud, or by mistake. If by consent, no person will contend that the order should control the policy; and if by fraud or mistake, then the order may be resorted to where it materially varies from the policy, because in reality, that would be the only true evidence of the agreement upon the point of variance. I say "materially variant," as if the risk, stated in the policy, be "from" such a place, instead of "at and from;" as in the case of Mitteaux v. London Ins. Co. So if it contain a warranty which is not authorized by the order, and the like; and in such cases, the variance itself between the two instruments, would, without contradictory proof, be evidence of the mistake. But still, the order could only be resorted to so far as it varied from the policy; and, in all other respects, the policy would be considered as the contract.

But a previous question must always be, is there a variance? and to ascertain this, the whole evidence must be considered. The whole must be taken and construed together; the letter of instructions, the order and the policy. It is from these together, with any other evidence which may be produced, that the real intention of the parties is to be discovered; and whether this intention has, by fraud or mistake, been frustrated by any expressions used in the policy. This brings us to the true point in this cause; does it appear, from the whole evidence, that the policy misstates the contract intended by the parties? The letter of instructions and the order afford no evidence that the intention of the parties was mistaken; because they are expressed in such ambiguous terms, it may well be doubted, whether the clause now complained of, refers to a prior, or to a subsequent insurance effected in London. The defendants, in their answer, swear, that the policy states the contract as they intended it, and there is no evidence in the cause to show

that it contradicts the intention of the complainants. Why then should the words of the order be substituted for those of the policy? Not because the latter has mistaken the intention of the parties, for the reverse of this appears to be the fact,—not for the purpose of explaining a doubtful meaning, for it is the order alone which creates a doubt.

If further observations be necessary to render this case clearer, let it be noticed, that the addition to the order, and the insertion of the clause in the policy which is now objected to, were made by the party who now asks relief; and that the policy remained with him, without a suggestion being made, that it was repugnant to the real agreement of the parties, until after the catastrophe had occurred, upon which his obligation to indemnify the other party had become complete. All the principles of law and of equity are against him.

Bill dismissed with costs.

DELAWARE INS. CO. (HOGAN v.). See Case No. 6,582.

DELAWARE INS. CO. (KING v.). See Case No. 7,788.

DELAWARE INS. CO. (LE ROY v.). See Case No. 8,270.

DELAWARE INS. CO. (MARSHALL v.). See Case No. 9,127.

DELAWARE INS. CO. (MARTIN v.). See Case No. 9,161.

DELAWARE INS. CO. (MOSES v.). See Case No. 9,872.

DELAWARE INS. CO. (SETON v.). See Case No. 12,675.

DELAWARE INS. CO. (SMITH v.). See Case No. 13,035.

DELAWARE INS. CO. (SNELL v.). See Case No. 13,137.

DELAWARE INS. CO. (SPERRY v.). See Case No. 13,236.

DELAWARE INS. CO. (TALCOTT v.). See Case No. 13,734.

DELAWARE INS. CO. (UNITED STATES v.). See Case No. 14,942.

DELAWARE. L. & W. R. CO. (MILLER v.). See Case No. 9,566.