Tesson v. Atlantic Mut. Ins. Co.

EDWARD P. TESSON, Respondent, *v.* THE ATLANTIC MUTUAL INSURANCE COMPANY, Appellant.

1. *Insurance — Policy — Equity — Mistake.*— A court of equity will reform a policy or other written contract, upon parol evidence, when the agreement really made between the parties has not, through accident or mistake, been correctly incorporated into the written instrument; but both the agreement and the mistake must be made out by the clearest evidence, according to the understanding of both parties as to what the contract was intended to be. The court cannot supply an agreement that was never made.

2. *Insurance—Policy— Description — Warranty.*—If there be such a variance in the description in the policy as will amount to a breach of warranty in any material respect, the policy will be void, although the insured or his agent intended to effect an insurance on the property by whatever description might be correct. Whether the description in the policy covers or fairly describes the property intended to be insured, is a matter of fact for a jury to determine, and the terms of the policy are to be reasonably construed with reference to the whole subject matter.

*Appeal from St. Louis Court of Common Pleas.*

*Hill & Jewett,* for appellant.

I. The evidence is conclusive and overwhelming that the defendant never did agree to insure any other building than the one described in the written application and policy; and there is no testimony in this cause showing any other agreement than the one evidenced by the writings.

II. To sustain a petition in equity for the reformation of a written instrument on the ground of accident or mistake, it is essential that the error or mistake be on both sides, and that it be so must be distinctly proved—Adams' Eq. 411, s. p. 171; 1 Story's Eq. §§ 155, 157 ; Joynes v. Statham, 3 Atk. 388 ; Pitcairne v. Osbourne, 2 Ves. 377 ; Gillespie v. Moon, 2 John Ch. 595–7. That the mistake must be on both sides is clear; for if there be a mistake by one party only, the altered instrument is not the agreement of both parties—Adams' Eq. 411, s. p. 171; 1 Story's Eq. §§ 155–7, 160.

III. A mistake on one side may be a ground for rescinding a contract, or for refusing to enforce its specific performance ; but it cannot be a ground for altering the terms of a

contract, and creating a new contract not agreed to by both parties—Townshend v. Strangroom, 6 Ves. 328 ; Beaumont v. Bramley, T. & R. 41 ; Alexander v. Crosby, L. & G. 145 ; Mortimer v. Shortall, 1 Conn. & L. 417.

*Glover & Shepley*, and *Bakewell & Farish*, for respondent.

On the pleadings and evidence in the cause, the plaintiff was entitled to the relief sought—Phœnix Ins. Co. v. Gurnee, 1 Paige, 278 ; Franklin Fire Ins. Co. v. Hewitt et al., 3 B. Mon. 231 ; Roth v. City Ins. Co., 6 McLane, 324 ; Harris v. Columbiana Ins. Co., 18 Ohio, 116 ; N. Y. Ice Co. v. Northwestern Ins. Co., 23 N. Y. 357 ; Columbia Ins. Co. v. Lawrence, 2 Pet. 55 ; Malleable Iron Works v. Phœnix Ins. Co., 25 Conn. 465 ; Fowler v. N. York Indem. Ins. Co., 23 Barb. 43.

HOLMES, Judge, delivered the opinion of the court.

This is a petition in the nature of a bill in equity to reform a policy by correcting a mistake, alleged to have been made in the framing of the instrument, in order to make it conform to the real contract of the parties, and for relief upon the policy so reformed. The court below granted the relief prayed, and the case comes up by appeal.

It appears that the agent of the insured made a written application to the company in these words : "$5,000 fire insurance wanted for six months on a 3 or 4 story brick distillery and machinery, not running, no fire about it, situated entirely detached (nearest building being an office, say 100 yards) on the bank of the Mackinaw river, in the town of Forneyville, Woodford county, Illinois, valued at $32,000. Privilege of $5,000 other insurance. Gable end is frame. December 16, 1858. Ed. P. Tesson, per L. E. Suber, attorney in fact. Brought a letter from Tesson—no plat.".

The policy contained this description : "On his three or four story brick distillery building and machinery in the same, not running, no fire in or about it, situated entirely

detached on the banks of the Mackinaw river, in the town of Forneyville, Woodford county, Illinois; valued at $32,000; other insurance on same $5,000."

The evidence shows that the agent had, at the time of the application, no more exact information concerning the true situation and description of the buildings to be insured than that which he communicated to the company; that the company had no other knowledge of the premises than that which was communicated by the agent; that certain plats were handed to a person (by the witness stated to be the secretary) at the insurance office, soon after the application was made and before the policy was delivered, which (as stated by the secretary) never came to his knowledge, nor to that of the directors, until after the loss, and formed no part of the written application as made; and that the policy came into the hands of the assured soon after it was issued, but that no mistake had been discovered or notified to the company until after the loss. It does not appear that these plats furnished any evidence that any contract or agreement for a policy had been made and agreed on between the parties, different in its terms from that which the policy contained. So far as appears from any explicit testimony, the policy conformed in all essential particulars with the written application, except in/the omission of the words "*gable end is frame.*" No stress is laid upon this difference.

The evidence further shows that the distillery, as a whole, stood detached from any other buildings of adjoining proprietors; that the main part of the building was three stories high, two stories of brick and the third story of wood; that there were boilers set in brick work outside of the building, and covered with a shed roof on posts and supported against the wall, with an engine in the cellar; and that there was a wooden addition to the main building one story (eight or nine feet) high, and some sixty feet long and thirty wide, used in connection with the distillery and as a part of it.

The plaintiff proceeds here upon the supposition that he would not be entitled to recover on the policy at law. He

assumes that it is necessary to have the policy reformed, on the ground of a mistake made in not framing the instrument according to the agreement that was entered into between the parties, and that the contract as understood by both parties was not correctly embodied in the policy.

A court of equity has jurisdiction to reform a policy of insurance, or other written contract, upon parol evidence, when the agreement really made by both parties has not been correctly incorporated into the instrument, through accident or mistake, in the framing of it; but both the agreement and the mistake must be made out by the clearest evidence, according to the understanding of both parties, as to what the contract was intended to be, and upon testimony entirely exact and satisfactory; and it must appear that the mistake consisted in not drawing up the instrument according to the agreement that was made—Andrews v. Essex Fire & Mar. Ins. Co., 2 Mason, 6; 1 Sto. Eq. Jur. §§ 157–61; Adams' Eq. 171; 1 Phil. Ins. 42; 1 Arnold Ins. 51; Delaware Ins. Co. v. Hogan, 2 Wash. C. C. 4; Lyman v. U. S. Ins. Co., 2 J. Ch. 630; Keisselbrack v. Livingston, 4 J. Ch. 144; 1 Duer on Ins. 71. The court cannot supply an agreement that was never made—Graves v. Boston Ins. Co., 2 Cran. 419.

The record here does not present such a case. There is no explicit and satisfactory evidence that any other agreement was made between the parties than that which was embodied in the policy. The policy conforms substantially to the written application upon which it was framed. It is not clearly proved that the plats ever formed a part of the application, nor does it appear that they furnish any evidence that a different contract was made. It is evident enough that the object of the agent was to get an insurance effected on this property; but he was not himself informed of its situation and character so that he could give a true and correct description. The written application was drawn up on such information as he had at the time, and the policy appears to have been framed according to the application. No other agreement was made. It is plain that if the description in

the policy be not sufficiently correct, the reason was that the agent was not furnished with sufficient information to enable him to describe the premises more accurately. It turns out after a loss, that there was such a misdescription of the situation and character of the buildings that the plaintiff apprehends that he would fail to recover in an action of law, for the reason that the policy might not cover the subject which he intended to get insured. The company has made no other contract than that contained in the policy. If there be such a variance as would amount to a breach of warranty in any material respect, the result would simply be that the party, through a want of proper diligence and information, has failed to make an available contract of insurance—Plahto v. Merchants' & Manuf. Ins. Co., 38 Mo. 248. It is not enough that the agent intended to effect an insurance on this property by whatever description might be correct—Graves v. Boston Ins. Co., 2 Cranch, 419.

The case made simply presents this question: whether there was such a variance between the description of the subject insured, as contained in the policy, and the actual buildings, as shown by the evidence, as would preclude the plaintiff from recovering on the policy in an action at law? In a general sense, the buildings appear to have stood detached from other buildings of adjoining proprietors. The main building was of brick, the third story only being of wood; and there was a wooden addition used as a part of the distillery, one story high; and the boilers were set in brick outside, with a shed roof of wood. Now, whether or not this distillery building was the identical subject insured in this policy, or whether there was a misrepresentation of any material fact, or a breach of the warranty created by embodying the representations made in the policy, would be matters of fact for a jury to determine. The contract is to be construed with reference to the subject matter, and with a view to the object and intention of the parties, as the same may be gathered from the instrument. Parol evidence is admissible not to contradict or change the terms of the instrument, but to

develop and explain its true meaning. It is admissible to show the true situation and character of these buildings as the subject matter referred to in the policy, and also upon the question of a material variation between the representations made and incorporated into the policy and the actual facts as they were, and upon the matter of a material difference in the risk.

The construction of the language of the policy is to be determined, as in other contracts, by usage and common acceptation; and the stipulations, though being of a character of warranties and conditions, are to be reasonably construed with reference to the whole subject matter, and not captiously or literally—1 Phil. Ins. §§ 766, 872.

Where a policy described the building as "*a frame house filled in with brick*," which amounted to a warranty, and the proof showed a house filled in with brick to the eaves only (the gables being wood) and only in front and rear, the two sides abutting against brick walls, it was left to the jury to say whether by the usage and custom of insurers and insured such a house answered the description in the policy—Fowler v. Ætna Fire Ins. Co., 7 Wend. 270; 1 Phil. Ins. § 873. So when the representation and the policy described the building as a "*a stone mill four stories high and covered with wood*," and the evidence showed a building of stone to the eaves only, the gables and roof being of wood, under a policy which contained a rule that the insurance should be void if the buildings were described in the policy otherwise than they really were, "so as the same be charged at a lower premium than would otherwise be demanded," it was left to the jury to decide whether the risk were materially different; and whether from all the facts given in evidence, in order to verify the description given in the policy, it was necessary that the whole walls from the foundation to the roof should be stone; and they were instructed that no variation, not fraudulently made, would vitiate the policy, unless by reason thereof the insurance was made at a lower premium than would otherwise have been demanded. The decision

in the Supreme Court of the United States was placed on the ground that the rule had provided for the case; but the question of material difference in the risk was held to be a mattter of fact for the jury to decide, and no opinion was given upon the instruction, which also left it to the jury to determine whether the property insured was truly described. In Houghton v. Manufacturers' Mut. Ins. Co., 8 Metc. 120, it was held that such representations embodied in the policy partook in some measure of the character of both representations and warranties; that they need only be substantially true and correct, and that an exact and literal compliance was not required, as in other warranties; and that it was a matter of fact for the jury to decide whether such representations, incorporated into the description in the policy, were untrue in any respect material to the risk, or were substantially true and correct, and made in good faith without any intent to deceive. The rule is that in cases of express warranty it is wholly immaterial whether the matter warranted were material to the risk or not; but here the question is rather as to what was warranted. This depends partly upon the true interpretation and proper construction of the policy, and in part upon the question of fact whether the buildings were in fact, in every material respect, the same as they were described in the policy, and whether the actual warranty has been complied with or not. It becomes essentially a question whether the facts not literally embodied in the description in the policy, and so not disclosed, were material to the risk; and there can be no doubt that this is a question of fact for a jury to determine—2 Greenl. Ev. § 397; Firemen's Ins. Co. v. Walden, 12 J. R. 513; 1 Doug. 260; 4 Bos. & P. 151.

We do not undertake to decide whether the plaintiff would be entitled to recover at law or not. We decide only that he is not entitled to the equitable relief prayed for in his petition on the case made here.

The judgment will be reversed and the cause remanded, with leave to the plaintiff to proceed at law upon an amended petition, if he chooses to do so. The other judges concur.