Woods, Assignee of Tesson, v. Atlantic Mutual Ins. Co.

The instructions of the court fairly submitted the question of negligence to the jury, and are not obnoxious to any reasonable objection.   The court committed no error in ruling out the evidence offered by the defendant for the purpose of showing that the act of loading or charging guns in a store is no part of the business of selling the same.   If we admit that the servant did an unauthorized act, the evident truth still remains that it was done wholly in carrying out and executing his master's business, and in such a case the master will be held liable.   When the servant acts in the course of his employment, although outside of his instructions, the master will be held responsible for his acts.

I see no error in the record, and with the concurrence of the other judges the judgment will be affirmed.

ROBERT K. WOODS, ASSIGNEE OF EDWARD P. TESSON, Appellant, *v.* ATLANTIC MUTUAL INSURANCE COMPANY, Respondent.

1. *Practice, civil—Evidence — Jury —Instruction.*—Where plaintiff makes out a case upon which he can go to the jury, the court should not by instruction declare that upon the evidence he cannot recover.

2. *Insurance, fire — Breach of warranty — Description of building — Plats, etc.*—Notwithstanding that the application for an insurance policy and the policy itself described the insured building as composed of brick, whereas, in fact, it was partly of brick and partly frame, the company could not, by reason of this discrepancy, set up the defense of breach of warranty, where the evidence further showed that, at the date of the application and policy, the insured expressed himself to the company's agent as uncertain whether the description was correct, and where the proof showed that the question of its accuracy was left open to be determined by certain plats, which were left with the agent and showed the true character of the building.   And it was the proper province of the jury to pass upon all these facts.

*Appeal from St. Louis Circuit Court.*

Glover and *Faust,* for appellant.

Britton A. Hill, with *Knox,* for respondent.

It is the province of the court to determine upon the legal effect of testimony ; and an instruction that, admitting the testimony

to be true, the plaintiff cannot recover, is in the nature of a demurrer to evidence, and may be given. (Harris v. Woody, 9 Mo. 112; Lee v. David, 11 Mo. 114, and cases above cited.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a policy of insurance issued by the defendant to Edward P. Tesson, who originally brought the suit, and becoming bankrupt, it was afterwards prosecuted in the name of the plaintiff as assignee in bankruptcy. It was an insurance against fire on a distillery building and machinery. The description of the building embodied in the policy was: "his three or four story distillery building and machinery in the same, not running, no fire in or about, situated entirely detached, on the bank of the Mackinaw river, in the town of Forneyville, Woodford county, Illinois, valued at thirty-two thousand dollars." The description in the application for insurance was substantially the same, with this addition, "gable end is frame."

The defense was that the policy was avoided by breach of warranty in this: that by the application and policy, Tesson warranted that the premises insured were built of the materials stated in the policy and application, and that they were situated entirely detached, when in truth the warranty was false, in this: that the distillery building was not built of brick, but that the third story was built entirely of wood, and a portion of the distillery building, one story high, sixty feet long and thirty feet wide, was built entirely of wood; and that the boilers for the distillery were under a shed roof outside the wall of the distillery; and as a fourth defense, the same matter was set up as a fraudulent concealment and misrepresentation by the insured in not disclosing the entire description of the premises as they really existed.

The proof conduced to show that Tesson owned but one distillery and that was the one in question; that at the time the insurance was effected, Tesson, who was in the vicinity of the premises, acquired the distillery by foreclosure of mortgage, and immediately telegraphed to his agent in St. Louis to insure it; that the agent went to the office of defendant and made known his business, and the agent of defendant drew up the application, which

the agent of Tesson signed; that Tesson's agent stated at the time that he did not know that this description was correct, but that he had plats of it at his office and would go and fetch them, and if the description was inaccurate that it might be made perfect; that he did bring the plats and left them with defendant's agent. These plats were put in evidence, and one of the plats had written underneath, " the first and second stories are of brick; " and the evidence conduced to show that the distillery, as a whole, stood detached from any other buildings of adjoining proprietors; that the main part of the building was three stories high, two stories of brick and the third story of wood; that there were boilers set in brick outside of the buildings, covered with a shed roof on posts, and supported against the wall, with an engine in the cellar; and that there was a wooden addition to the main building, one story high, and some sixty feet long and thirty feet wide, used in connection with the distillery and as a part of it.

The defendant introduced several insurance agents, who testified to the effect that, in their opinion, the risk or hazard on the building, as proven to be, would be greater than on such as described in the application and policy. Some of them also testified that the rate of premium, as charged in the policy, was ample and sufficient for insurance on the buildings as they really existed or were shown to have been.

After the close of the case, the parties asked instructions presenting the issues, whether this distillery building was the identical sub???t insured in the policy, or whether there was a misrepresen??, ?n of any material fact, or a breach of the warranty created by embodying the representations made in the policy. But the court refused all instructions asked, and gave an instruction to the effect that the plaintiff could not recover.

This case was before this court formerly, and is reported in 40 Mo. 36. It was then in the shape of a bill in equity to reform the policy on the alleged ground that there was a mistake made in describing the premises; but the proof, in the opinion of the court, failed to establish such mistake. Judge Holmes, in delivering the opinion of the court, said: " The rule is, in cases

of express warranty, it is wholly immaterial whether the matter warranted were material to the risk or not; but here the question is rather as to what was warranted. This depends partly upon the true interpretation and proper construction of the policy, and in part upon the question of fact whether the buildings were in fact in every material respect the same as they were described in the policy, and whether the actual warranty has been complied with or not. It becomes essentially a question whether the facts not literally embodied in the description in the policy, and so not disclosed, were material to the risk; and there can be no doubt that this is a question of fact for a jury." The judgment was reversed and the cause sent back, so that the plaintiff might proceed at law upon an amended petition if he chose to do so.

As the record now stands before this court, the ruling above quoted seems to me to be more favorable to the defendant than the facts of this case justify. It seems that neither of the agents, at the time the application was made, had any definite knowledge of the exact description of the building, or of the materials of which it was composed; and the evidence also conduces to show that, as part of such description, maps were afterwards to be produced by the agent of Tesson, and that such maps were in fact furnished; that underneath one of the maps it was written, "the first and second stories are of brick." Now the natural inference would be that the rest of the building above the ground was of wood. This evidence also conduced to show that the whole matter was, as it were, *in fieri*, or left open for the delivering of the maps. Whether such maps were to be delivered, and were in fact delivered or shown to the agent of the defendant, were questions of fact to be determined by a jury. If the matter was left open, as indicated, till the maps were delivered or produced, then the material facts not disclosed in the application and policy, as written out, were furnished, and the agent of the defendant might have returned the premium and withdrawn the policy. But no such offer appears in the evidence.

I am clearly of the opinion that the court erred in withdrawing the case from the jury by the instruction given on its own motion. It was in the nature of a demurrer to the evidence, predicated on

all the facts detailed in the evidence before the jury on both sides. If a plaintiff makes out a case upon which he can go to the jury, the court has no right, after the defense is in, to assume it to be true, and require the jury to find for the defendant, or, which is the same thing, to declare that upon the whole case the plaintiff is not entitled to recover. Assuming, however, that the court's instruction was based alone upon the plaintiff's case, it was not proper thus to take the case from the jury. The facts given in evidence by the plaintiff, if true, it seems to me made out a *prima facie* case, and the jury ought to have been suffered to pass upon them.

Judgment reversed and cause remanded. The other judges concur.