————o————

James C. Moore, Assignee of Edward P. Tesson, Appellant, vs. The Atlantic Mutual Insurance Company, Respondent.

1. *Fire insurance—Delivery—Agency.*—Delivery of plats of a building proposed to be insured to the agent of an insurance company, held delivery to the company.

*Appeal from St. Louis Circuit Court.*

*James Tausig*, for Appellant.

*B. A. Hill*, for Respondent.

Adams, Judge, delivered the opinion of the court.

This was an action on a policy of insurance, issued by the defendant, to Edward P. Tesson, who originally brought the suit, and becoming bankrupt, it was afterwards prosecuted in the name of the plaintiff as assignee in bankruptcy.

The case has been here before, (40 Mo., 36, and 50 Mo., 112,) and for a more detailed statement, reference may be had to 50 Mo., 112. The written application for insurance which was signed by the agent of Tesson reads as follows: "$5,000 fire insurance wanted for six months on a three or four story brick distillery and machinery, not running; no fire about it; situated entirely detached (nearest building being an office say 100 yards); on the bank of the Mackinaw river, in the town of Forneyville, Woodford county, Illinois, valued at $32,000, privilege of $5,000, other insurance. December 16, 1858. Gable end is frame.

Ed. P. Tesson,
per L. E. Suber, Attorney in fact."

Brought a letter from Tesson—no plat.

When the application was signed, the agents of both par-
ties were ignorant of the situation of the buildings, and the
materials of which they were composed. Certain plats of the
premises with their surroundings were at the office of Tes-
son's agent, which showed that the distillery building was not
built of brick, but that the third story was built entirely of
wood, and a portion of the distillery building, one story high,
sixty feet long and thirty feet wide, was built entirely of wood,
&c. On the part of the plaintiff, it was alleged that these
plats were to be delivered to defendant's agent as a modifica-
tion of the written application, and that they were so deliv-
ered before the policy was issued to Tesson. On the other
hand the defendant denied that such plats were referred to,
and denied that any such plats were ever delivered to defend-
ant's agent as alleged. The question whether the plats in
dispute were delivered to the agent of the defendant as a
modification of the written application, before the policy final-
ly took effect, was the only material issue, and on this issue
the evidence was contradictory. The evidence on both sides
tended to establish their respective views.

On the part of the plaintiff the court instructed the jury as
follows:

"If the jury find from the evidence that said Tesson at the
issuing of said policy owned but one distillery at the place
named therein, and prior to issuing said policy, said Tesson
telegraphed from Peoria, Illinois, to his agent to insure said
distillery; that said agent made the application, but stated to
defendant's agent that he did not know the description was ac-
curate, and he would bring said plats from his office—from which
the description in the application could be made accurate—
and he did leave said plats with defendant's agent at
defendant's office before the issuing of the policy, and the
said plats and the statements were sufficient to fully inform
defendant of the form and structure of said distillery and
machinery, and materials of which said distillery was com-
posed; and the premium paid for said insurance was reasona-
bly sufficient for insuring the property as represented by said

plats; and defendant was not deceived as to the nature of the property insured; and the same was destroyed by fire, about May 13th, 1859, and notice and proof of loss were made to defendant as set forth in the petition, the jury must find for plaintiff."

On the part of the defendant the court instructed as follows:

1. "If the jury find from the evidence that the plaintiff's agent Suber in applying for insurance did not disclose the existence of a wooden distillery building adjoining the main distillery building, or the existence of a wooden third story and attic on a brick distillery building containing a grist mill; and if the jury further find that said facts, or either of them were material to the risk, or would, if disclosed by said Suber, have caused a higher rate of premium to be asked in the usual rating risks than would have been asked as a premium on such a building as the one described in the application and policy, then the jury will find a verdict for the defendant."

2. "The plats offered in evidence by the plaintiff in this case cannot be regarded by the jury as any part of the written application for insurance, unless said plats were made a part of said application at the time it was made, or were produced and delivered to the company through the secretary or some agent or officer of the defendant, as a part of said application, before the policy sued on was issued or delivered."

The jury found a verdict for the defendant. The plaintiff filed a motion for a new trial which was overruled, and final judgment rendered in favor of defendant, which was affirmed by the General Term, and the plaintiff has appealed to this court.

It is manifest from this record that the whole controversy turned upon the question, whether the plats, which showed the real condition of the buildings insured and the materials of which they were composed, were in fact delivered to the agent of the defendant before the policy finally took effect. There is nothing in the case to warrant the conclusion that the agent of defendant had any knowledge or information in

regard to these buildings, except what he derived from the written application as made, or as it may have been modified by a subsequent delivery of the plats.

And therefore if the plats were not delivered, that would have amounted to a concealment of the actual condition of the buildings, and the materials of which they were composed. The first instruction for defendant was based upon this view of the case, and considered in this light, it placed the case properly before the jury.

The defendant had the right to fix its own rate of premiums for insurance. The question was not whether the rate charged for this particular risk was as much as would ordinarily have been charged, or ought to have been charged for the buildings as they stood on the ground, but whether this company would have taken the risk at the price charged, if the bargain had been for the insurance of the buildings as they really existed.

In my judgment this question was fairly put to the jury in the instructions given for the plaintiff; and the first instruction given for the defendant was not contradictory, but maintained the same view as the plaintiff's in this respect. The question was whether the defendant intended to insure the buildings as they really stood on the ground, and as they were shown to exist by the plats; or whether the company was deceived by the non-production of the plats, and induced thereby to accept the risk at a less rate than it would have otherwise charged.

The jury found this issue for the defendant, and that the plats not disclosed were material to the risk.

It is urged here that the instructions were contradictory in regard to the delivery of the plats, the plaintiff requiring a delivery to the agent of the company, and the defendant to the company "through its secretary or some agent or other officer."

This distinction seems to be in the nature of a refined criticism on words, and not a substantial difference.

A corporation can only act by and through its agents. An agent acting for an insurance corporation must stand for the corporation itself; and therefore a delivery of the plats to the agent of the company was in effect a delivery to the company through the agent.

I find no substantial error in the record. Judgment affirmed. All the judges concur.