164   431
168   4 98

# PETERS v. WORTH et al., Appellants.

### Division Two, October 10, 1901.*

1. **Appeals:** EASEMENT: JURISDICTION. Where it is apparent on the face of the bill that the easement claimed is a right in real estate, the appeal is to the Supreme Court.

2. **Easement:** STAIRWAY: WAY OF NECESSITY. Where plaintiff owned a lot forty-seven feet wide, on which he had begun to erect three buildings, he can not claim that a space of six feet between him and his grantor is a way of necessity for the construction of a stairway to his second or third stories. However convenient that space might be for a stairway, an easement thereon was not a way of necessity because he could build a stairway on his own lot or within his own building.

3. ———: ———: APPURTENANCE. A stairway on a vacant space between two buildings can not be included by the use of the word "appurtenance" in a grant of one of them, if the stairway was not there when the deed was made. Appurtenances can include only such things as are necessary to the enjoyment of an estate and are practically annexed thereto at the time of the grant.

4. ———: LOST INSTRUMENT: CONTENTS: PROOF: DISCONTINUANCE: INJUNCTION. In order to pass title to real estate by parol proof of the contents of a lost instrument, the testimony must be clear, cogent and convincing. And where plaintiff testifies that the agreement was that he was to have an easement in a stairway so long as his building stood, and the defendant's agent and the disinterested witnesses, that he was to have the use of the stairway as long as they agreed about it, it will be held that the defendant had a right to terminate the easement at his own election, and that to perpetually enjoin him from doing so, whether he had formally notified plaintiff or not, was error.

---

NOTE:—Decided June 29, 1901. Motion for rehearing filed; overruled October 10.

Appeal from Jasper Circuit Court.—*Hon. Jos. D. Perkins,*
Judge.

REVERSED (*with directions*).

*L. P. Cunningham* and *Thomas Dolan* for appellants.

(1)    The stairs in question being wholly upon appellant's lot, the right to pass over them to reach the upper stories of respondent's building constitutes an easement in the property of appellant for the benefit of that of respondent, and an easement being an interest in land, can only be created by deed.    Desloge v. Pierce, 38 Mo. 588; Fuhr v. Dean, 26 Mo. 116; Dunham v. Joyce, 129 Mo. 5; Pitzman v. Boyce, 111 Mo. 387; Damien v. Rich, 22 Wis. 550; Clark v. Pridger, 45 Ga. 331; Long v. Mabury, 96 Tenn. 378; Ferrell v. Ferrell, 1 Bax. 329; Cole v. Hadley, 126 Mass. 579.    (2)    The stairs in question had not even been built at the time of the making of the deed of September 10, 1892, by which appellant gave to respondent the east forty-seven feet and two inches of her lot. The word "appurtenances" in said deed did not pass to respondent a right of easement in stairs afterward erected by him wholly on the lot of appellant, to reach the upper stories of his afterwards elevated building.    Jones on Easements, sec. 25; Philbrick v. Ewing, 97 Mass. 133; Winslow v. King, 14 Gray 321; Parker v. Bennett, 101 Mass. 338; Whiting v. Galord, 66 Conn. 337; Manning v. Smith, 6 Conn. 289; Mills v. Schofield, 12 Conn. 335; Williams v. Wadsworth, 51 Conn. 277; Woolen Mills v. Greer, 49 Iowa, 490; Baker v. Clark, 4 N. H. 380; Spalding v. Abbott, 55 N. H. 423; Massy v. Union Wharf, 41 Me. 34.    (3)    There is also some attempt to show that appellant gave her verbal consent to the erection of the stairs in question, on her lot, by the respondent, and respond-

ent claims he paid one-half of the expense and appellant the other half, and that having been put to this expense on the verbal assurances of the appellant, he has an irrevocable license or easement in the stairs. To quote from Pitzman v. Boyce, 111 Mo. 393: "The right in this case then must be regarded as merely permissive—in short, a license; and, being a license, may be revoked."

*Clark Craycroft* and *J. W. McAntire* for respondent.

The warranty deed from respondent, Gertrude Berz, conveys the right to the use of the stairway as an easement appurtenant. Bank v. Cunningham, 46 Ohio St. 575; Railroad v. Maffitt, 94 Mo. 60. The principle of law is of old standing and well settled that a grant of way is presumed to have been made whenever land has been sold which is inaccessible except by passing over the land of the grantor, but by committing a trespass upon the land of a stranger. It is founded upon the further principle that when a grant is made, every right is also presumed to have been granted, without which the subject of the grant would be useless. Vossen v. Dautel, 116 Mo. 385; Chase v. Hall, 41 Mo. App. 15; Bank v. Cunningham, supra. If respondent only had a license to use the stairway, it was revocable at the pleasure of the licensor; but if he expended money and labor by reason of and in consideration of having been given the license, the better rule is that there is an equitable estoppel against the licensor. House v. Montgomery, 19 Mo. App. 170; Stillwell v. Railroad, 39 Mo. App. 221; Gibson v. St. L. & Agricultural Association, 33 Mo. App. 180; School Dist. v. Lindsay, 47 Mo. App. 136; Pierce, Adm'r, v. Celeland, 7 L. R. 572; Moll v. McManley, 83 Iowa 677; Prince v. Baldunf, 82 Iowa 669. Where there is a right of way

Vol 164 mo—28

granted, which is not exclusive in its terms and which can be reasonably enjoyed without being exclusive, it leaves in the grantor and his assigns the right of user in common with the grantee. Campbell v. Kuhlmann, 39 Mo. App. 628. Injunction was the proper remedy for the respondent. Downing v. Dinwiddie, 132 Mo. 92; Lakeman v. Railroad, 36 Mo. App. 363.

GANTT, J.—A perpetual injunction was granted by the circuit court of Jasper county enjoining and restraining defendants, their heirs and assigns, and all persons claiming by, through or under them or either of them, from closing up, or obstructing, a certain stairway between the three-story building belonging to Gertrude Worth on the corner of Fourth and Main streets in the city of Joplin, Missouri, and a certain three-story building belonging to plaintiff, Louis F. Peters, immediately in the rear of Mrs. Worth's building and facing on Fourth street in said city. From that decree Mrs. Worth and her husband appeal.

Prior to September 10, 1892, Mrs. Worth, then Mrs. Berz, was the owner in fee simple of lot number one in the original town of Murphysburg, now in the city of Joplin, Jasper county, Missouri. Prior to that date there was a three-story business building on the west part of said lot, being the corner of Fourth and Main streets, and she had a stairway running up from Fourth street to the second and third stories of said building at its east end. On the east forty-seven feet of said lot she had erected three one-story brick buildings facing on Fourth street, leaving a space of about six feet between her said three-story building and these one-story buildings on the east end of the lot. Sometime in the latter part of August, according to plaintiff's story, Mrs. Berz had directed him, as her general business agent, to have these one-story

buildings elevated to two-story buildings, and the work had commenced, but the second stories were not completed when, on September 10, 1892, Mrs. Berz gave him the three unfinished buildings. He says she had orally instructed him to have a stairway built on her vacant six feet between her three-story building on the corner of Main and the west end or side of his three buildings, but that stairway was not built, only a rough horse or platform temporarily erected. After plaintiff obtained his deed to the lot and buildings, a hotel company urged him to make them three stories high and agreed to take a lease on them. He then employed workmen and proceeded to run them up three stories high. After finishing his buildings he had a stairway built in the vacant six feet to accommodate his buildings and also to enter the rear end of Mrs. Berz's building.

He was at the time agent and manager of Mrs. Berz's affairs, handled her money and signed her name. Mrs. Berz went to Baltimore and Virginia in November before the buildings were completed and remained five or six months. When she came home she was dissatisfied with the arrangment and soon after discharged plaintiff as her agent and appointed Dr. Balsley. It then appeared that Peters, who had been her clerk, held her note for $2,450, with interest past due for three or four years. She disputed this note, and finding they were unable to agree, Balsley, acting for defendant Mrs. Berz, and Peters, the plaintiff, agreed upon Mr. Beirig to assist in adjusting their difficulty. They finally agreed that plaintiff should take her notes for $2,000, one note for $1,000 payable in a year without interest, and the other for $1,000, to bear interest. Plaintiff was to deliver up the $2,450 note, and give Mrs. Berz a release of all demands.

At this juncture plaintiff demanded that Mrs. Berz convey him two feet and ten inches off of the east end of the six

foot alley and stairway and presented a deed which his attorney had prepared for that purpose, but Mrs. Berz refused to execute the deed. After further parleying, a writing was drawn up giving plaintiff certain rights in said stairway.

This writing was given to plaintiff, and at the trial it was lost. The principal difficulty in reaching a correct conclusion in this case arises out of the loss of this instrument. The evidence is exceedingly unsatisfactory. Plaintiff testifies that the writing granted him the undisturbed right of way over this stairway to his second and third stories for himself and his tenants so long as the building might stand.

He could not, however, recall anything else in that writing. Balsley and Beirig conducted the settlement for Mrs. Berz and Balsley wrote the instrument. Balsley says "he (plaintiff) was to use the stairs so long as they agreed; he to keep up one-half of the repairs." He says further that plaintiff took the agreement to his lawyer and when he came back it was interlined in pencil and after Beirig looked at the interlineation it was so small he and Beirig agreed to it.

Beirig testified that the paper read "he was to use the stairway so long as they agreed; that both should keep up the repairs;" "that the change made by some one for plaintiff was so very small or different we accepted it." Lambert who suggested and wrote out the change says the wording was, "for the mutual benefit of both buildings," and this he said after the most persistent effort of counsel for plaintiff to get him to say that the easement should be vested in plaintiff as long as the building stood. So the evidence stood when the case was submitted to the court for decision.

Thereupon, the court ruled: first, that the deed of Mrs. Berz to the forty-seven feet carried an easement over the stairway as an appurtenance to the buildings thereon, and, second, by the settlement and agreement in writing and the remission

of a part of her note and interest thereon, Mrs. Berz granted plaintiff a right of way over the said stairway upon the ground of defendant for the use of his second and third stories for himself and tenants so long as the building might stand.

I.   It is apparent on the face of the bill that the easement claimed is a right in the land of Mrs. Berz and the trial of the claim involved the title to real estate and thereby jurisdiction is conferred on this court to hear and determine this appeal. [Baker v. Squire, 143 Mo. 92.]

II.   Did the deed of Mrs. Berz of September 10, 1892, convey to plaintiff the use of the stairway over her land as an easement appurtenant to the forty-seven feet and two inches of land and the buildings thereon? An intelligent response to this query depends upon the facts existing at the date of that conveyance. After a patient examination of the whole record we have reached the conclusion that when this deed was executed the stairway over which this easement is claimed had not been constructed and was not built until after the third story was built. At the time the deed was made the second story was in process of construction and possibly some side scaffolding stood in the vacant six feet between the building of Mrs. Berz and the one she had given plaintiff, but the great burden of the testimony convinces us that this stairway was not then built. The most that can be fairly claimed is that Mrs. Berz had said she was going to build a stairway to the second story when it was completed.

Something is said by respondent's counsel in regard to this being a way of necessity, but it is obvious that plaintiff's right can not be maintained on such a theory. It is not sufficient to show merely that such an easement would be a great convenience to plaintiff, which it doubtless was. Plaintiff owned forty-seven feet upon which his buildings stood and he could build stairs upon his own land or within his own build-

ings to reach his upper stories.   In the situation of this prop-
erty this stairway was not in a legal sense a way of necessity.
[Field v. Mark, 125 Mo. loc. cit. 515, and cases cited.]

Nor is there the slightest foundation to a claim of ease-
ment based on user.   Being an interest in real estate it must
stand upon the ground that it was created by the deed of Mrs.
Berz or was held by an irrevocable license.

Recurring then to the question, did the deed of September
10, 1892, pass the easement by the use of the word "appur-
tenances?"

This easement of a stairway was not expressly conveyed in
the deed, and "the rule is commonly stated to be that the gran-
tor conveys by his deed, as an appurtenance, whatever he has
the power to grant *which is practically annexed to the granted
premises at the time of the grant,* and is necessary to their en-
joyment in the condition of the estate *at that time.*" [Philbrick
v. Ewing, 97 Mass. 133; Whiting v. Gaylord, 66 Conn. loc. cit.
348; Washburn on Easements, chap. 1, sec. 3; Brace v. Yale,
4 Allen, 393; Mill Co. v. Greer, 49 Iowa loc. cit. 493;
Spaulding v. Abbot, 55 N. H. 423.]   As the stairway had
not been built and no such easement was expressly granted we
think the circuit court erred in holding that the deed conveyed
a right of way over the stairway as an appurtenance to the
forty-seven feet of land given and granted to plaintiff.

But notwithstanding the deed did not convey an easement
over the stairway, plaintiff insists the agreement in writing,
made when plaintiff and defendant Mrs. Berz, now Mrs.
Worth, settled their differences, constituted an irrevocable li-
cense as long as the building should stand.   That a writing of
some kind granting plaintiff the right to use the stairway was
executed by defendant the evidence fully satisfied us, but what
the terms of the writing were is not clear.   Plaintiff, it is true,
testifies that he was to have the use of the stairway as long as

the building stood, but the two other parties actively engaged in making the settlement say the license was to last only so long as they agreed, and each was to pay half of the expense of repairing the stairway.

The witness Bierig stands in a perfectly disinterested attitude to the case, whereas plaintiff has a strong motive to remember the instrument in its most favorable light to himself. While disposed to defer much to the circuit court as to its finding of fact we are of opinion that, to say the least, the plaintiff's testimony falls short of being that clear, cogent and convincing evidence which this court has long required when it is sought, as in this case, to pass the title to real estate by parol proof of the contents of the lost instruments.

We are not disposed to take the view pressed upon us by counsel for plaintiff that he forgave $1,250 for the mere privilege of using this stairway. We think it much more likely that the right of way over the stairway was an after-thought. It must not be overlooked either that defendant was an illiterate woman who could not write her own name; that plaintiff was her trusted financial agent and his explanation of having paid for half of the steps out of her money and half out of his own was exceedingly unsatisfactory.

The burden of showing that he had an irrevocable license *to use the stairway so long as the building stood,* rested upon plaintiff, and in our opinion he has not sustained it. On the contrary, the preponderance of the disinterested testimony is to the effect that he should have the use of the stairway so long as he and defendant agreed, and bore his half of repairs. They disagreed and apparently defendant had a good reason for so doing on account of the nuisance. At any rate she had the right to revoke the license when she and plaintiff could not longer agree, and while she had not formally notified plaintiff of the revocation, her expressed intention of so doing was no

ground for a perpetual injunction against her exercise of her right to resume exclusive control of her own property and its approaches and in our opinion the learned circuit court erred in perpetually enjoining her from so doing and its decree is reversed with directions to dissolve said injunction. *Sherwood P. J.,* and *Burgess J.,* concur.