# DICKSON et al. v. ST. LOUIS & KIRKWOOD RAILROAD COMPANY, Appellant.

### Division Two, March 28, 1902.

1. **Right of Way Deed:** FORFEITURE: UNNAMED CONDITION. A deed of right of way can not be forfeited upon a condition not mentioned therein.

2. ———: ———: ———: ABANDONMENT OF ENTERPRISE: COMPLIANCE WITH CONDITIONS. A deed granting a right of way to a railway company provided for the construction and maintenance of a railroad to be operated by electricity, and provided for a forfeiture "upon the failure or abandonment of said enterprise." The company built the road and had it in operation within the time specified in the deed, and was operating it at the time of the trial. *Held,* that a slight deflection from the route as specified, and a failure to occupy a few feet of the specified land so granted, was not an abandonment of the enterprise, and that failure not having been mentioned as a ground of forfeiture can not be so considered.

3. ———: ———: CONSTRUCTION ACCORDING TO DISTANCES: ELECTION AND ACQUIESCENCE. The acquiescence by the grantor in a right of way deed in the construction of the railroad according to the distances made in the deed, the only mistake being in the courses, and the election by the grantee to so construct, and the operation of the road for years, amount to a practical construction according to the deed.

4. **Suit To Set Aside Deed:** PROOF. To sustain a suit to set aside a deed and divest title to real estate out of the grantee, for the breach of a condition subsequent, the evidence should be clear, cogent and convincing.

5. ———: ———: RIGHT OF WAY: DEED. Plaintiff knew exactly where the railroad was to run. It had been surveyed and marked out before he made his deed. No fraud was practiced. He saw the company spend its money in constructing the track, and did not intimate that it was not done in accordance with the deed. Three years later he employed a surveyor to ascertain if the road was constructed exactly on the route surveyed, and found that 1,300 feet of the route-

was, and 300 feet possibly was not, and the doubt as to this distance grew out of an ambiguous description in the deed. *Held,* that the decree setting aside the deed should be reversed because not supported by the evidence.

Appeal from St. Louis County Circuit Court.—*Hon. Rudolph Hirzel,* Judge.

REVERSED AND JUDGMENT HERE.

*Dawson & Garvin* and *Leonard Wilcox* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. Messersmith v. Messersmith, 22 Mo. 372; 1 Pomeroy Eq. Jur., sec. 549; Tiedeman on R. P., sec. 277; Phelps v. Harris, 101 U. S. 376; Moore v. Wingate, 53 Mo. 412; Davis v. Sloan, 95 Mo. 553; Frost v. Spiltey, 121 U. S. 556; McAnaw v. Tiffin, 143 Mo. 680. (2) Plaintiff could not have recovered the right of way in ejectment and can not sustain this action for a mere breach of a condition subsequent. Baker v. Railroad, 57 Mo. 274; Dodd v. Railroad, 108 Mo. 585; Jones v. Railroad, 79 Mo. 97. (3) There was no evidence to support the findings and judgment. 4 Kent's Com., side pp. 130, 132; Adams v. Block, 183 Ills. 377; Railroad v. Railroad, 129 Mo. 70; Baker v. Railroad, 57 Mo. 274; Schultz v. Lindell, 30 Mo. 310; Blumenthal v. Roll, 24 Mo. 117; University v. Swarth, 107 Fed. 802; McKnight v. Krautz, 51 Pa. St. 238; Preston's Heirs v. Bowmar, 6 Wheat. (U. S.) 580; Armstrong v. Mudd, 10 B. Monroe 144; Whitney v. Robinson, 53 Wis. 315; Depot Co. v. Railroad, 131 Mo. 305; Scarritt v. Railroad, 148 Mo. 682. (4) Plaintiff failed to produce such clear, cogent and convincing evidence as the law requires to warrant a judgment in such a case as the present. Peters v. Worth, 64 S. W. 492; Preston's Heirs v. Bowmar, supra; Racine v. Emerson, 85 Wis. 86; McAnaw v.

Dickson v. St. Louis & Kirkwood Ry. Co.

Tiffin, supra.   (5) The judgment was erroneous and ought to have been for defendant.   Cas. cit under p. 4.

*Wm. F. Broadhead* for respondents.

(1) The deed to defendant for the right of way therein described vested the legal title thereto in the defendant; defendant having abandoned the way granted, and built elsewhere on plaintiff's land, the equitable title thereto was in plaintiff; upon this theory the petition is framed and the case was tried, the fact of the deeds being upon record constituting the cloud upon the title alleged and shown, and it was not necessary to either allege or show possession in the plaintiff to entitle him to equitable relief.   Graves v. Ewart, 99 Mo. 13; Mason v. Black, 87 Mo. 329.   (2) The fact of the deed's being upon record, especially if upon its face it seems to vest a legal title in the grantee, as in this case, constitutes a cloud upon the title.   Harrington v. Utterback, 57 Mo. 519; Clark v. Ins. Co., 52 Mo. 272; Mason v. Black, supra.   (3) The condition of the deed, as plainly expressed in words, is that the company should construct its road and operate it within a certain time, by manifest intendment, upon the right of way granted, for no other was in contemplation of the parties; no other is referred to in the deed; and the failure to do so, either by failure of the enterprise or by failure to build on the way granted, operated to re-invest the right of way granted in the plaintiff, his legal representatives or assigns, both by the terms of the deed and its true intent and meaning.   (4) There can be no estoppel by reason of plaintiff's acquiescence in the location, building and maintenance of the road, as respects that portion of the right of way granted, but abandoned and not used for the road as built; such estoppel could only protect defendant in its rights to the fifty-foot strip used, and the latter has not been affected by the decree.   Scarritt v. Railroad, 148 Mo. 683.   (5) There is no question of forfeiture, or of condi-

tion subsequent, in this case; it is a question of removing a cloud from title, which has, in equity, become revested, or remained in plaintiff, because of abandonment by defendant, under the terms of the deed and upon equitable principles; the plaintiff is entitled to this remedy, having no adequate remedy at law. Moore v. Wingate, 53 Mo. 410; Graves v. Ewart, 99 Mo. 18. (6) There is no discrepancy between the description of the right of way in the deed, properly interpreted, and the survey made for plaintiffs by Van Borck, the only ambiguous call in the deed being that from the last angle to the Collins road, which is as follows: "Thence south 46 degrees, 17 minutes west to the western line 26 feet to the center of the Collins road;" to give it the true meaning and proper sense evidently intended, the word "thence," by legal rules of construction, may be inserted after the word "line," and the reading would be sensible and according to the intent, and thus it would conform to the survey; which shows on the plat 98.69 feet to the center of the road, that call in the deed being to "the western line" of the land, called for a fixed monument, to which it was not necessary, nor did it pretend to give the distance at all. Whittelsey v. Kellogg, 28 Mo. 404; Thompson v. Thompson, 115 Mo. 67; Smith v. Land & Imp. Co., 117 Mo. 444; Harding v. Wright, 119 Mo. 9; Kronenberger v. Hoffner, 44 Mo. 185; Hoffman v. Riehl, 27 Mo. 554.

GANTT, J.—The defendant owns and operates an electric railroad from St. Louis to Meramec Highlands. Its line was projected through certain lands of the plaintiff in St. Louis county, and after the route had been surveyed and selected for its roadbed and right of way, the plaintiff executed and delivered defendant a deed to said right of way, describing it as: "A right of way for railroad purposes through and along a strip of ground fifty feet wide, and beginning at the eastern line of the property herein described 13 feet from the northeast corner and running south 71 degrees .05 minutes

west 536 feet to an angle; thence south 55 degrees 57 minutes west 638 feet to an angle; thence south 35 degrees 40 minutes west 377 feet to an angle; thence 46 degrees 17 minutes west to the western line, 26 feet, to the center of Collins Road, and being 25 feet on each side of the central line conveyed as shown *or as may be hereafter indicated not exceeding a distance of fifty feet one way or the other.*    The property through which this right of way is granted, is bounded on the north by Hasney, on the east by Williams, Crane and Loese, on the south by Collins, and on west by the Collins road.    Upon condition, however, that the grantee herein, its successors and assigns, shall construct and maintain a single or double track railroad to be operated by electricity for motive power or other approved power, except steam, and *upon the failure or abandonment of said enterprise by the grantee herein or its successors and assigns,* the privilege herein and the property conveyed shall revert to and be fully vested in the grantor, their legal representatives or assigns.    And conditioned that the construction of such road be fully completed and in operation in or before the year 1896."

It was stipulated on the trial that the land described in the deed is a part of the southwest quarter of southeast quarter of section 31, township 45, range 6 east, in St. Louis county.

In this suit plaintiffs seek to have said deed cancelled because they say the conditions in said deed were broken by defendant, and the deed is now a cloud on plaintiff's title. This was denied by defendant.

It was abundantly shown on all sides that the defendant company built its railroad and had it in operation prior to 1896, and that it has never abandoned *the enterprise,* but was operating the road at the time of the trial.    It is too clear for dispute that the one condition of forfeiture mentioned in the deed, to-wit, "the failure or abandonment of the enterprise by the grantee or its successors" has not been broken. Evidently when they used the word "enterprise" they referred to the

railroad as an entirety, not the failure to occupy a few feet of the recorded and projected route through plaintiff's land. It is not a condition of forfeiture anywhere in the deed that a deflection of a few feet on some part of the line shall work a forfeiture of the title granted by the deed.

And yet this is obviously the theory upon which this suit is brought.

The plaintiff testified that he saw and knew the route proposed through his land, and made the deed after the survey; he saw the roadbed constructed, and thought for three years that it was on the exact line defined in his deed, and only learned it was not by a survey made by Von Borck in 1897, which survey, if conceded to be correct shows the road was constructed on the right of way granted by the deed and attached plat read in evidence by plaintiffs except over the distance from the third and last angle to the end, which in no event exceeds three hundred feet. For 1,200 or 1,300 feet from the point of entrance on the north the railroad is shown by Von Borck's survey to be on the right of way granted by the deed.

But a failure or mistake in locating the road on this last call in the deed is not made a ground of *forfeiture*, and the petition is not supported by the deed, or the testimony of plaintiff.

The only evidence upon which plaintiff seeks to have the deed cancelled as a cloud upon his title is the survey of Von Borck, and as already said that survey if correct only shows a deflection on the last call in the deed which runs into the Collins Road. But this is not a condition of forfeiture in the deed.

Notwithstanding plaintiff offered in evidence the plat annexed to his deed it would seem that he desires to repudiate it in his argument. This he can not do. This deed plat shows that the road was built within the right of way called for by the deed, except the distance from the third and last angle, which in the plat is given as six feet and in the deed

as twenty-six feet. But in the plat the six feet is only to the western line of plaintiff's tract, whereas in the deed the twenty-six feet is to the center of the Collins road, and following the course "south 46 degrees 17 minutes, west," and allowing fifteen feet as the half of the Collins road, there is after all a practical argreement between the plat and the deed. This is corroborated also by the fact that the plat shows that the distance from the northwest corner of plaintiff's tract, along his western line to the point where said western line is intersected by the center line of the right of way, is 826 feet, whereas according to Von Borck's survey, this west line as measured along the center line of Collins Road to the center line of the railroad as actually built, is 787.90 feet, a difference of 38.10 feet, which would still bring it within the variation expressly allowed by the clause in the deed, which allows a divergence "not exceeding a distance of fifty feet one way or the other."

Von Borck's survey, however, does not inform us how he ascertained his starting point, and to reach the conclusion he did in his plat he was forced to make the distance from the last angle to the center line of the Collins Road 98.69 feet, whereas the call in the deed is for twenty-six feet. In other words we have a conflict between courses and distances, not a conflict between fixed monuments and distances or courses. To accept Von Borck's plat and survey the railroad should pass out of plaintiff's tract into Collins Road 161 feet south of the point where the tracks now cross the road. Whereas if we follow the call for distances, as marked out in the deed, and make allowances for the fifty feet variation, the tracks will meet where they do now in the Collins Road.

Taking into consideration the fact that the survey was made before the deed was executed it seems clear that if a mistake was made it was in the courses, only, and when the proof shows, as it does in this case, that defendant took possession of the strip it now occupies as a right of way, and constructed its road with the knowledge and acquiescence of plain-

tiff, the election of defendant, and the acquiescence of plaintiff amount to a practical construction of the grant on a line having regard to the distances, and it should not now be disregarded by either party to the deed, especially as the railroad has been in actual operation for years on that line. [Baker v. Railroad, 57 Mo. 274.]

Moreover, Shinkle, another civil engineer, testified that he also surveyed the right of way according to the calls in the deed and found the railroad located on a strip conveyed by the deed.

In Preston's Heirs v. Bowmar, 6 Wheat. (U. S.) 580, the Supreme Court of the United States, in a case much like this, said: "The construction of the patent is somewhat doubtful. It is susceptible of two constructions, each of which has some reasons to support it. If it be doubtful, it would seem reasonable not to press the broadest construction against a party who is now in actual possession under a perfectly legal title. That possession ought not to be disturbed without a clear title in the other party."

In view of this state of facts, certain legal consequences follow. It is clear there was no failure of the enterprise and no abandonment by defendant, and the averment of the petition that "the deed contained a provision that in case the grantee failed to *occupy and use said right of way* . . . it should revert to the grantor" is not supported by the deed. The only ground of reverter in the deed is "a failure or abandonment *of the enterprise* by the grantee herein" and it is abundantly established that there has been no such failure or abandonment. The other provisions of the deed are not followed by any such clause of forfeiture. But there is no proof that the road was constructed elsewhere than on the selected route which plaintiff saw and knew before he made his deed, and if error has occurred anywhere it is in the drawing of the conveyance.

Vol 168 mo—7.

There is no suggestion of fraud, but on the contrary an open and unequivocal possession of the land in the original survey for the purposes only for which defendant acquired it, with the knowledge and acquiescence of plaintiff all the time. Ejectment would not lie and no ground for equitable interference is laid in the evidence.

## II.

But there is another insuperable objection to the decree in this case. The object of the bill is to set aside a deed, and divest the title to real estate, for the breach of a condition subsequent, and to sustain such a suit and overturn a solemnly executed conveyance to land the evidence should be clear, cogent and convincing. [Peters v. Worth, 164 Mo. 431; Sweet v. Owens, 109 Mo. 1.]

There is very little to commend in the attitude of plaintiff. He testified that since the commencement of this suit, he had conveyed this tract "subject to the right of way of defendant," and yet persists in endeavoring upon extremely technical grounds to divest a title which he had made to defendant with his eyes wide open. He knew exactly where the road was to run. It had been surveyed and marked out before he made his deed. No fraud was practiced upon him to induce him to make the conveyance. He stood by and saw the railroad company expend its money in constructing its road through his land and knew its purpose of connecting its right of way on his land with that on the opposite side of the Collins Road, and never once intimated that it was not built in accordance with his deed. He waited three years and then employed a surveyor to ascertain if the road was constructed exactly on the route conveyed. He found that according to his own surveyor the company had constructed 1,200 or 1,300 feet of a possible 1,500 feet in exact conformity to his deed, and that whether the remaining 300 feet was in compliance

with his deed was a matter of construction growing out of some ambiguity in his deed, and thereupon seized upon this fact alone to set aside his deed thus voluntarily made.

If the bill had been to reform his deed, offering to do full equity, the proofs are wholly inadequate for such a decree. [Sweet v. Owens, 109 Mo. 1; Tesson v. Ins. Co., 40 Mo. 33; 1 Story, Eq. Jur., secs. 157-61; Pomeroy's Eq., sec. 859.]

We think the decree was erroneous because not supported by the testimony, which in this case consists of surveys principally, and upon which we can form our judgment with as much safety as the trial court could.

We think, moreover, that there has been no such breach of the conditions as would justify a court in sustaining a forfeiture and that the decree erroneously casts a cloud upon defendant's right of way, and is inequitable in view of the evidence.

The decree of the circuit court is reversed and a decree entered here dismissing plaintiff's bill and for costs.    *Sherwood, P. J.,* concurs.